Ida M. Hazzard, Appellee, v. The City of Chicago, Appellant.

Gen. No. 34,458.

division of this court for the first district at the June term, 1930. Opinion filed November 3, 1930.

Samuel A. Ettelson, Corporation Counsel, and William D. Saltiel, City Attorney, for appellant; Hyman B. Ritman, Assistant City Attorney, and Roy S. Gaskill, Assistant Corporation Counsel, of counsel.

Kremer, Branand & Hamer, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover damages for personal injuries claimed to have been sustained by reason of the alleged negligence of the defendant in operating a bridge across the Chicago River at Ogden Avenue, as the result of which plaintiff was injured. There was a verdict and judgment in plaintiff's favor for $1,500 and defendant appeals.

The record discloses that about eight o'clock (daylight saving time) on the evening of August 24, 1926, the motor boat in which plaintiff was riding down the north branch of the Chicago River came in contact with a wire cable used by defendant in opening a bridge over the river at Ogden Avenue, as a result of which plaintiff was thrown into the water and injured.

The evidence of plaintiff was to the effect that on the evening in question Frank J. Hazzard, a young man about 19 years old, was driving the motor boat in a southerly direction in the north branch of the Chicago River. Frank's father and plaintiff, his grand-

mother, were riding in the rear of the boat. Shortly before he reached the Ogden Avenue bridge Frank sounded his siren. As the boat was about to pass under the bridge the employees of the City began to open the bridge to permit a boat coming from the south to pass under the bridge. The bridge, a temporary pontoon bridge, was operated by means of wire cables which rested on the bottom of the river when the bridge was in place. To open the bridge it was necessary to wind up the cable, causing it to rise above the surface of the water. As the boat driven by Frank was passing over the cable the employees of the City, apparently not seeing the small boat, began to open the bridge to permit the larger boat from the south to pass through the bridge. The cable rose from the bed of the river to the surface of the water under the boat Frank was driving, causing it to capsize. All three of the persons in the boat were thrown into the river; the father drowned and plaintiff sustained injuries for which she sues.

The evidence on behalf of the defendant was to the effect that a boat coming from the south whistled as a signal to have the bridge opened; that the two men in charge of the bridge proceeded to open it; that there was a signal bell ringing and lights were on the roadway of Ogden Avenue on each end of the bridge; that it was just about dark; that they did not see the small boat coming from the north until they heard the screams of the persons in the boat about the time it came in contact with the cable.

We think the questions whether the plaintiff was in the exercise of due care for her own safety and whether the employees of the city were guilty of negligence, were properly left to the jury. Certain it is that the court would not be warranted in directing a verdict for the defendant as requested.

Plaintiff alleged in her declaration that she had caused notice to be served on the city officials, as re-

quired by the statute, in which the City was notified
of the time and place of the accident and the manner
in which it occurred. The notice goes into consider-
able detail, gives plaintiff's address and further noti-
fies the City that immediately after the accident plain-
tiff was taken to the Cook County Hospital, where she
received first aid from Dr. MaCormack, "whose ad-
dress is Whitehall, Wisconsin, and Dr. Percy J. De-
lano, whose address is Cook County Hospital, Harri-
son and South Wood Streets, Chicago, Illinois": and
that on August 27, 1926, she was removed from the
Cook County Hospital to her home at 2052 North
Lamon Avenue, Chicago, where she was attended by
Dr. William F. Groth, "whose address is 4 North
Cicero Avenue, Chicago, Illinois." The notice was
offered in evidence, whereupon counsel for defendant
said: "I object to it, not for the purpose there wasn't
any service. I will admit the service, but object to the
form and substance of the notice." The objection was
properly overruled. In this court counsel for the de-
fendant contends that the judgment is wrong and
should be reversed because there was no evidence
offered to show that plaintiff was attended by Dr. Ma-
Cormack or that his address was at Whitehall, Wiscon-
sin, or that plaintiff was attended by Dr. Delano, or
that his address was Cook County Hospital, Harrison
and South Wood Streets, Chicago, and that there was
no proof that Dr. William F. Groth's address was 4
North Cicero Avenue, as stated in the notice. Dr.
Groth testified that he treated plaintiff at her home in
Chicago, having been first called there on August 27,
1926, and went into considerable detail as to the nature
of her injuries and what he did to relieve her. He
gave his residence but was not asked by anyone
whether he had an office at 4 North Cicero Avenue,
Chicago, and no mention seems to have been made of
the other two doctors.

In view of the evidence in the record and the objection made on the trial by counsel for defendant, we think the objections here urged are without merit.

No complaint is made as to the sufficiency of the notice or that it was not served upon the proper city officials, nor is there any contention that any of the information given in the notice was contrary to the evidence in any particular. The notice being in proper form and having been properly served, plaintiff, by introducing it in evidence and by making out her case on the merits by other evidence, made out a prima facie case. It was not necessary that she prove by evidence on the trial that the matters contained in the notice as to names and addresses of the attending physicians were as stated in the notice. If such evidence had been offered and it did not conform to the facts stated in the notice, defendant's contention might be valid as held in the authorities cited by defendant's counsel. But there was no variance between the proof offered and the notice, and we hold that it was unnecessary for plaintiff, in the instant case, to prove the names and addresses of the physicians. It has often been stated by the Supreme Court and by this court, that the purpose of the statute requiring notice was to give the municipality information to enable it to investigate the merits of a claim made by a person against the municipality and to properly defend an action in case suit were brought. In the instant case the information was given by the serving of the notice and no complaint is made that such information was inaccurate. The statute was complied with.

Complaint is also made that the court erred in giving plaintiff's instruction number 3. By that instruction the jury were told that if they found for the plaintiff they would be required to determine the amount of her damages, if any, and in determining such damages, the jury had the right and they should take into con-

sideration all the facts and circumstances "as proven by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the injury, her bodily pain and suffering, if any, resulting from such physical injuries, and her necessary expense for medical attention in endeavoring to be cured of her said injuries, if any; and they may find for her such sum as the jury may deem from the evidence and proofs, as will be fair compensation for such damages as she may have sustained."

Counsel for defendant, in their brief, quote this instruction in full and the only argument made is as follows:

"The foregoing instruction was condemned as being erroneous in the very recent case of *Garvey v. Chicago Rys Co.,* 339 Ill. 276, wherein the court, at page 289 said: 'An instruction which does not require the assessment of damages to be based upon evidence as to damages for which the law allows recovery is improper.'"

This argument is of no assistance to this court and is insufficient to raise any point as to the correctness of the instruction. If counsel have any complaint to make, it should be specifically pointed out. This has not been done. But in any event, we think the instruction did not prejudicially affect the defendant in any particular. Moreover, no complaint is made that the verdict is excessive.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.